UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-21085-CIV-KING

UNITAS CONTAINERS LIMITED,

    Plaintiff,

v.

OILNET LIMITED,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for Summary Judgment. (DE #21). Plaintiff's motion was filed July 18, 2011.[1] It was supplemented pursuant to this Court's Order determining that English contract law controls the parties' disputed agreement and that additional briefing was needed. The Court, being fully briefed on the matter,[2] finds that it must deny Plaintiff's motion for summary judgment.

The Court's March 20 Order requiring additional briefing (DE #41) noted that, despite correctly arguing in its Complaint and summary judgment briefing that English law governs the matter, "Plaintiff Unitas fails to cite to a single

---

[1] Defendant's Response (DE #31) was filed September 7, 2011. Plaintiff replied (DE #32) on September 15, 2011.
[2] Plaintiff Unitas' Further Brief on English Law Further to This Court's March 20, 2012 Order (DE #42) was filed April 19, 2012. Defendant responded on May 21, 2012. (DE #43). Plaintiff replied June 3, 2012. (DE #44).

1

authority with respect to English law." (DE #41). Specifically, the Court ordered Plaintiff to address English law on three pivotal issues: "(1) whether the lease payments in arrears should be limited to the replacement costs of the containers; (2) whether the repair costs of the returned containers should be capped to the fair market value of the containers; and (3) whether a court should construe an ambiguous contractual provision against the drafter?" (DE #41, p. 5).

Yet in its supplemental brief and reply, Plaintiff failed to address the legal questions explicitly raised by the Court. Plaintiff cites only three English cases, and these offer only general principles of English contract law. For example, Plaintiff states that "English courts hold that the market measure of damages is established in commercial cases as the ordinary and natural result of a breach of contract[]"[3] and "[t]he usual contract principles apply when determining damages for breach."[4] However, general principles of English contract law are not at issue in the above-styled action. It is, therefore, irrelevant that these general principles are similar to those in U.S. contract law.[5]

The Court explicitly asked for briefing on how English contract law deals with three specific issues—and Plaintiff has not provided any on-point legal authority. On the issues of whether English law would cap (1) the lease payments in arrears at the replacement cost of a container and (2) the repair costs of the

---

[3] (DE #42, p. 1 (citing *Koch Marine Inc. v. D'Amica Societa Di Navigazione ARL (The Elena D'Amico)*, [1980]1 Lloyd's Rep. 75 (Q.B.))).
[4] (DE #42, p. 2 (citing *Transfield Shipping Inc. v. Mercator Shipping Inc.*, [2007] 2 Lloyd's Rep. 555) (EWCA (Civ))). Curiously, the passage that Plaintiff purports to quote from *Transfield Shipping* does not appear in the case's reported opinion.
[5] In fact, it is to be expected considering the origin and evolution of U.S. contract law.

returned containers at the fair market value, Plaintiff does not cite a single on-point case of English authority. Instead, Plaintiff offers conclusory arguments that the parties agreed to the lease terms; the terms provided for lease payments in arrears beyond the replacement cost of a container and repair costs beyond the fair market value; therefore the lease terms are valid under English law. Missing from that chain of inference is any English law. On the third issue of whether an ambiguous contractual provision should be construed against the drafter under English law, Plaintiff's briefing is nonresponsive. Rather than answer the question, Plaintiff simply says the provision at issue was not ambiguous.[6]

At a minimum, Plaintiff's briefing on English law is simply too general and nonresponsive to sustain a summary judgment finding against Defendant. Accordingly, upon careful consideration, it is hereby **ORDERED, ADJUDGED** and **DECREED** that Plaintiff's Motion for Summary Judgment (**DE #21**) be, and is hereby, **DENIED**. The above-styled action will be set for trial by a separate Order of the Court.

**DONE AND ORDERED**, in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, on this 18th day of September, 2012.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

---

[6] (*See* DE #42, p. 4). Moreover, Plaintiff, in its Reply (DE #44), ignores the English case Defendant cites as supporting the "position that ambiguous contractual provisions should be construed against the drafter." (DE #43, p. 2 (citing *T & K Home Improvements Ltd v. Skilton*, EAT/486/98, available at DE #43-2)).

3

**Cc:**

*Counsel for Plaintiff*

**J. Stephen Simms**
Simms Showers, LLP
20 S Charles Street
Suite 702
Baltimore, MD 21201
410-783-5795
Email: Jssimms@simmsshowers.com

**Farris James Martin, III**
Stroup & Martin
119 SE 12th Street
Fort Lauderdale, FL 33316-1813
954-462-8808
Email: fmartin@strouplaw.com

*Counsel for Defendant*

**David Morse McDonald**
McDonald & McDonald
1393 SW 1st Street
Suite 200
Miami, FL 33135
305-643-5313
Email: dmm@mcdonaldattorneys.com